Jim Gleave on behalf of Carlos Dominguez-Maroyoi, Your Honor, I'll be very brief in this case. Could you just explain, so I understand the framework of your argument, are you raising a categorical challenge to Section 111, or are you simply arguing that the nature of your client's assault was not a severe enough assault? The latter, Your Honor. The latter, okay, so you're not raising a Taylor kind of argument that the statute doesn't necessarily require physical assault in all circumstances? No, Your Honor. Okay, thank you. I don't see why the Taylor categorical reading would not compel the conclusion that this was a crime of violence. The statute says whoever forcibly, and it has that adverb, forcibly, assaults, resists, opposes, has these various other things with a person designated in Section 1114. It seems like the adverb forcibly makes it categorically a crime of force. It certainly seems that way. Judge Moskowitz, however, looked at the offense itself, and he felt that it did not rise to the level of a violent felony. And because of that... Well, it gave the guy a break, because if you forcibly beat somebody else in a bar by punching them in the nose, it's a misdemeanor. If you do the same thing to a federal officer making an arrest, it's a felony. But that doesn't mean it's not forcible. It just means it's the status of the victim that makes it a felony. That's absolutely correct, Your Honor. I don't have any argument with that. The Eleventh Circuit seemed to cast doubt on whether you could read forcible interference as necessarily, or intimidation as necessarily requiring physical force. But you're not raising the argument, so... I'm not raising that argument. Okay. Well, what is your argument? My argument is that once the judge found this didn't rise to the level of a violent felony under this code section, then he should have imposed a four-level increase instead of a 16-level increase. Why should we care what he found? When I look at the guideline, it says crime of violence means any offense that has as an element the use, attempted use, or threatened use of physical force against a person or another. So all I care about, if I take the word seriously, is the elements. And then I look at the elements in Section 111, and one of them is forcibly. I agree that it is forcibly. However, once this judge found that this didn't rise to the level, and he likened it to the difference between murder and a very weak assault, and it wasn't fair. It wasn't fair to the defendant to do that. And fairness is part of what this Court was involved in trying to dispense when he sentenced. That's why he gave him a downward departure. That's why he gave him a downward departure. However, what I'm claiming is that it should have been a four-level increase instead of a 16-level increase. He went down six levels from a 16-level increase. It should have been a four-level increase because why? Because it was a felony. But he found it didn't rise to the level of a violent felony under this Code section. Well, isn't that the same as a categorical attack on the statute? No. I don't think it is. I'm arguing that it is not. Well, when you say the judge found that, would you say it didn't arise to the level of a violent felony? It was not a violent felony because what? He made some finding based upon some evidence before him? He had been the judge. He was the judge who did the handle the prior case. He just kind of took subconscious notice of the proceedings in the other case. How are we supposed to review that? He discussed it in his statement. You mean at the sentencing? Yes. What did he say that gives us that clue? I don't think he specifically stated that he was the sentencing judge, but he alluded to the facts that were underlying that case. And what fact did he allude to makes this not a violent felony? I thought he did say, he said, you mean the assault on the federal officers for which I sentenced you to 135 days in custody in 1996? Isn't that what the judge said during sentencing? I believe so. So he did say he was the sentencing judge. Yes. And he was taking notice of his own history of this case throughout this whole proceeding? Correct. Have you asked for an Ammaline remand in this case? No. You don't want one? Okay. Basically, that's all I have, Your Honor. Should there be an Ammaline remand even if the defendant does not request one, just in case the judge would have given a greater sentence had he realized that the guidelines were not mandatory? Well, he certainly didn't know that the guidelines weren't mandatory at that time, and I would suggest that it would probably be appropriate to do that. Well, are you are you asking for it for that now? Have you not thought about this? I mean, you may want to think about it. I've thought about it at length, and what I'm concerned with is whether or not the judge would go higher or lower. Right, right. But it's probably appropriate to do that. Thank you, counsel. Good morning, Your Honors. May it please the Court. My name is Kevin Mulcahy, and I represent the United States in this matter. What occurred below was a poster child or a poster case for how to handle sentencing by a district court judge. I think we've read the transcript. I think we know what went on. Okay, well, just in a very brief response then, the felony crime of violence here, the assault on a federal officer, can only be a felony. The judge noted that he was a sentencing judge, as Your Honor indicated, but also on page 16 of the excerpts of record, the judge noted he referenced the plea agreement that was filed in the case and that it listed the penalties under 111 and that it was a felony. So there's no doubt that this judge knew it was a felony. Also, that it's a crime of violence categorically under Taylor is the government's position. It's the position that the district court found below, and it was correct under the law. Could you talk a little bit about ammoing remands? Now, before we move to sentencing, could I just follow up on the categorical before we get to sentencing? Because you say now the government takes the position as categorically within Taylor? Yes, Your Honor. Do you disagree with the Eleventh Circuit? Your Honor, I'm not, I heard Your Honor reference that case when counsel was here, and I'm unfamiliar with what case out of the Eleventh Circuit Your Honor is referring to, but I'd be happy to file a 28-J or something in that respect. But we certainly believe that the forcible language in 111 serves as an adverb to, or forcibly assaults, impedes, etc., serves as an adverb to each and every verb that is listed in 111. Therefore, we do believe it's categorically a crime of violence. In addition, the reference that I just gave on Excerpts of Record 16 does show that even if this court were to apply a modified categorical approach, the district court did rely on the plea agreement, which stated all of those elements forcibly impeded the officer, etc. Well, the Eleventh Circuit, just to make clear, is United States v. Webb, and it's 139 F. 3rd. 1390. And what they said was that the statute itself does not contain any definitional explanatory text that might shed some light on the intended scope of the words forcible or intimidates when it goes through dictionary definitions. And then it comes to the end, we nonetheless cannot say with certainty whether forcible intimidation under Section 11 contains as an element the use, attempted use, or threatened use of physical force, suggesting, at least in their view, whether that's dictum or holding, that because forcible has to modify everything within the list of offenses, that it wouldn't satisfy the statute. So, for example, if forcible intimidation could presumably be extortion, no physical force, but it's through the force of threat, of nonviolent threat, I'm just postulating a construction, whether I'm prepared to hold that or anything else. But that's why I asked counsel for the defendant whether or not they were raising the categorical, because it didn't seem to be tried below on that theory. There's no evidence in the record as to any of the judicially noticeable documents that one could properly take into consideration here under Shepard and under the modified categorical approach. So it hasn't been tried on the issue, has it? I don't believe so. Not fully, Your Honor. In a sense, the judge made this finding that it was qualified as a plus 16, did reference. Well, what does the plea agreement say that he relied on? The plea agreement indicated that the defendant punched and kicked three Border Patrol agents while they attempted. No, it is part of the plea agreement that the defendant admitted to that conduct. Yes, Your Honor. That he punched and kicked the officer? Yes, Your Honor. It's in the factual basis. And is the plea agreement in the record that we have? No, it's not in the record before, Your Honors. And I noticed that last night. And in fact, it's referenced by the judge. But he said he didn't put it in the excerpt so we could read it. Mainly because it didn't reach the issue with regards to he referenced it, but he didn't reach it. And it was an error on my part. And perhaps I should have put that in there. But since it didn't appear that. Did he say at the sentencing that he's relying on the plea agreement? Or at least allude to the. He alluded to the plea agreement on page 16 of the excerpt. Page 16? 16, Your Honor. It indicates. And there is a plea agreement that was filed. And the plea agreement listed the penalties up to three years. Now, he talks about the plea agreement in the context of whether or not this was a crime of violence. Or excuse me, whether this was a felony as opposed to a misdemeanor. Because one of the claims was that it was a misdemeanor and not a felony below. And so while he doesn't reference the factual conduct that made up the defendant's actions, he does refer to the plea agreement, which suggests that he did have it before him and look at it. All it says, I'm looking at the information that was filed. It says section 111, assault on a federal officer. And then the next paragraph where it says the court. There is a plea agreement. The plea agreement listed the penalties up to three years. So that would make it a felony. And this record shows that it's a felony waiver of indictment. So, again, he's speaking in the context of whether it's a felony or misdemeanor. But he does have this information. But at any rate, that doesn't seem to be the defendant's argument, right? Correct. Now, what's your response to the argument that the defendant is making? With regard to the level of departures? Yes. Well, I don't know about level of departure. It's me questioning if he shouldn't have gone up that far in the first place. But either way, that, you know, the level he set was too high, right? Correct, Your Honor. The government's response is that the court applied the guidelines as was required, that it was appropriate for him to go up six levels. But why are you responding? I would have thought your argument would be we have no jurisdiction to review it, so you don't have to respond. That's our alternative. To the extent we're arguing It's not the position you're taking? It is the position we're taking with regard to the amount of departure. But that's why I predicated my response on the question of if we're speaking about the amount of departure, this Court does not have jurisdiction to review it. Well, did you see that case just came down a few days ago that reviews the extent of departure? I forgot the name of it, but I just read a slip opinion about three or four days ago. I'm not familiar with that case, Your Honor. But to the extent that it's where this Court is looking at how much departure was given by the judge, this Court doesn't have jurisdiction to do that. Well, that may be one line of cases, but it's not all that clear, is it? There are other cases that do, in fact, review the extent of a departure. Other Ninth Circuit cases. Do you agree with that? I don't, Your Honor, and I don't. In essence, U.S. v. Zoke Sierra, 387F3rd, says that under the PROTECT Act, once we conclude that the decision to depart was justified, we review the extent of the departure for abuse of discretion. Ninth Circuit case from last year. Well, I'm not familiar with that line of cases. It was always our – my understanding, as we set forth in the brief, that to the   And that's what we're looking for. We're looking for how much of a departure granted was something beyond the review of this Court. You're not cross-appealing in saying the departure was too great, right? No, Your Honor. Well, then let's get to Judge Klainfeld's question. What about an amyline remand? What's your position on that? The government does not request an amyline remand, whether the defendant does. Do you oppose it? No, I think he's entitled to it, should he decide that's what he wants. I think the government's position is that he's entitled to that remand under the At this point, neither side has asked for it. Should we do it anyway? I think that's one of the predicates. No, I think that's one of the predicates of amyline, is that one of the parties must request it. And the government certainly is not requesting it. Thank you, Your Honors. Thank you. Thank you, Counsel. You had a minute or two left if you wish to think about it. Well, can I get a clarification? You answered my question that you weren't seeking an amyline remand. And then after further questioning from Judge Tashima, you said now you're probably should. So what is it? Well, you also said you thought it would be appropriate. I think it would be appropriate. I have not requested it. Okay. So your position now is you are not requesting an amyline remand. That's correct. Okay. Thank you, Counsel. United States versus Dominguez. Marioki is submitted.
judges: Kleinfeld, Tashima, Fisher